Gary SOSHINSKY, Plaintiff–Appellant,

v.

FIRST UNUM LIFE INSURANCE COMPANY, Defendant–Appellee.

No. 00–7974.

United States Court of Appeals, Second Circuit.

Feb. 26, 2001.

Kathryn A. Strodel, Syracuse University College of Law, Syracuse, NY; Paul F. Kelly, Esq. and Pia W. Smith on the brief; Timothy A. Clune, Esq., Disability Advocates, Inc., on the brief, for appellant.

Evan L. Gordon, Esq., New York, NY, for appellee.

Present GRAAFEILAND, KEARSE and LEVAL, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Gary Soshinsky appeals from a grant of summary judgment rejecting his claim that defendant-appellee First Unum Life Insurance Company discriminated against him on the basis of his disability, in violation of, *inter alia*, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.* The basis for Soshinsky's complaint is that the disability insurance policy issued to him by First Unum provided two years of benefits for those who become disabled due to "sickness" but lifetime benefits for those who become disabled due to "injury," which, Soshinsky alleges, violates Title III of the ADA, 42 U.S.C. § 12181, *et seq.*

On appeal, Soshinsky claims the district court erred by (1) granting summary judgment for defendant, (2) not making findings on whether First Unum fell under the "safe harbor" in the ADA, 42 U.S .C. § 12201(c), and (3) staying discovery pending the disposition of the summary judgment motion.

We find no merit in Soshinsky's first claim because the policy that he challenges does not discriminate "on the basis of disability," 42 U.S.C. § 12182(a). The differentiation between disability due to "sickness" and disability due to "injury" is a distinction based on the *cause* of a disability; not the disability itself. There is therefore no discrimination "on the basis of disability," as required by the ADA.

Soshinsky's second and third claims misapprehend the nature of the safe harbor provision of the ADA. The safe harbor shields insurance companies from liability under the ADA if they can show that the challenged practices of underwriting, classifying, or administering risks are "based on or not inconsistent with state law," 42 U.S.C. § 12201(c)(1) & (2). A defendant need not satisfy the requirement of the safe harbor in order to prevail; the defendant alternatively can prevail simply by not having done what the ADA prohibits. Here, because there is no prima facie violation of the ADA, there was no need for the district court to assess, or allow discovery on the question, whether First Unum had complied with state law.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.